**Christopher Deshawn BUTLER, Plaintiff,**

v.

**CALIFORNIA STATE DISBURSE-MENT UNIT, et al., Defendants.**

Civil Action No. 13–1684

United States District Court, District of Columbia.

Filed October 28, 2013

Christopher Deshawn Butler, Patton, CA, pro se.

### MEMORANDUM OPINION

Ketanji Brown Jackson, United States District Judge

This matter comes before the court on review of plaintiff s application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

Plaintiff, who describes himself as a "natural born sovereign man," Compl. at 2 (page numbers designated by the Court), alleges that the defendants are forcing him "to do business without a contract agreement." *Id.* at 1. He also invokes "federal copyright[ ] law" to challenge the use of "the name of Christopher DeShawn Butler in all capital letters." *Id.* at 3.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Even *pro se* litigants, however, must comply

with the Federal Rules of Civil Procedure. *Jarrell v. Tisch,* 656 F.Supp. 237, 239 (D.D.C.1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C.1977).

█ As drafted, the complaint fails to comply with the minimal pleading standard set forth in Rule 8(a), and it will be dismissed. An Order consistent with this Memorandum Opinion is issued separately.